## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

VICKI STOVALL,                     *

                               *

           Plaintiff,          *

    v.                        *      Civil Action No. AW-06-1552

                               *

THE RITZ-CARLTON HOTEL     *

COMPANY, LLC, *et al.*        *

                               *

          Defendants.       *

**************************************************************************

### MEMORANDUM OPINION

On June 19, 2006, Plaintiff Vicki Stovall ("Plaintiff") filed a one-count Complaint against Defendants The Ritz-Carlton Hotel Company, LLC ("RCHC") and The Ritz-Carlton Hotel Company of Jamaica, Ltd. ("RCHC-J") (collectively, "Defendants"), alleging negligence and premise liability for injuries she sustained while a guest at the Jamaican Resort. Currently pending before the Court are a Motion to Dismiss for Failure to State a Claim (Paper No. 20) filed by Defendant RCHC and a Motion to Dismiss for Lack of Personal Jurisdiction (Paper No. 21) filed by Defendant RCHC-J. The motion has been fully briefed and the Court has reviewed the entire record. A hearing on the motions was held on June 26, 2007. For the reasons set forth more fully below, the Court will GRANT Defendant RCHC's Motion to Dismiss and RESERVE ruling on Defendant RCHC-J's Motion to Dismiss pending the outcome of limited discovery on the jurisdictional issues.

### FACTUAL & PROCEDURAL BACKGROUND

In June 2004, Plaintiff Vicki Stovall, a California resident, took a vacation to Montego Bay, Jamaica and stayed at The Ritz-Carlton Spa & Resort, Rose Hall in St. James, Jamaica ("RCSR"). RCSR is owned by Rose Hall Resort, L.P., and is operated by Defendant RCHC-J. Defendant RCHC is the parent corporation of RCHC-J. Plaintiff alleges that prior to her trip she visited the RCHC website, www.ritzcarlton.com, and visited a link advertising the awards and high quality of

1

the RCHC-J and allowing viewers to make reservations through the website.  Plaintiff went on to reserve a room through an online travel agency.

On June 18, 2004, Plaintiff, who was still a guest at RCSR at the time, attempted to enter the resort's "cold plunge" pool and her foot became caught between the metal pool steps, causing her to fall in the water.  The fall resulted in permanent disfiguration of Plaintiff's right hip, ligament damage to her right hip, trauma and recurring swelling of her right foot, sciatica, and low back pain in her lumbar spine.  Plaintiff subsequently spent substantial sums of money for medical treatment of her injuries, which included back surgery.  Plaintiff alleges that Defendants' negligence and carelessness in allowing a dangerous condition to exist on their property, failing to inspect and address the dangerous condition, failing to provide adequate warning of the dangerous condition, resulted in her injury.   After her injury, Plaintiff was contacted by Debi Howard, a corporate employee of RCHC, who stated that RCHC employees would take over her claim.  Contact between the two was subsequently lost.  Therefore, on June 6, 2006, Plaintiff filed her Complaint against both Defendants in this Court.

## **STANDARD OF REVIEW**

### **Rule 12(b)(6)**

A court must deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief."  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true.  *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*,

14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Therefore, a complaint may be dismissed as a matter of law only if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

## Rule 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), the party asserting personal jurisdiction has the burden to prove the existence of a ground for jurisdiction by a preponderance of the evidence. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). If the court does not conduct an evidentiary hearing, the plaintiff need only "make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Id.*; *Mun. Mortgage & Equity, L.L.C. v. Southfork Apartments Ltd. P'ship.*, 93 F. Supp. 2d 622, 626 (D. Md. 2000). In making its determination, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs*, 886 F.2d at 676. However, the Court is not "bound to accept [Plaintiffs'] conclusory

3

allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994).

## ANALYSIS

### Defendant RCHC's 12(b)(6) Motion to Dismiss

Parent corporations are generally not liable for the acts of its subsidiaries. *United States v. Bestfoods, et al.*, 524 U.S. 51, 61 (1998). However, the corporate veil may be pierced and the parent corporation held liable for the subsidiary's conduct when the subsidiary would otherwise be misused to accomplish certain wrongful purposes, most notably fraud, on the parent corporation's behalf. *Id.* at 62. Corporate separateness is generally respected unless there is some evidence that the subsidiary is a "mere instrumentality" of the parent corporation. *Starfish Condo Ass'n v. Yorkridge Service Corp.*, 295 Md. 694 (1983).

Here, Plaintiff has not alleged anything that would give the Court reason to pierce the corporate veil and hold RCHC liable for the alleged negligence of its subsidiary. Other than the bald statement that a "corporate fiction" exists between RCHC and RCHC-J, Plaintiff has not directed the Court to anything that refutes the representation that Defendants are two separate legal entities and that RCHC does not exercise the type of dominion and control over RCHC-J that typically warrants piercing the corporate veil. Plaintiff has not alleged any facts that would lead the Court to believe that Defendants' corporate structure is a sham created for the purposes of fraud and deceit. Absent some reason to disregard the corporate structure, the Plaintiff has failed to show how RCHC can be liable for any alleged negligence of RCHC-J. Therefore, RCHC's Motion to Dismiss must be granted.[1]

---

[1] Should Plaintiff uncover facts that would warrant piercing the corporate veil, the Court would consider a motion to revisit this ruling at that time.

**Defendant RCHC-J's Rule 12(b)(2) Motion to Dismiss**

A federal district court may only exercise jurisdiction over a non-resident defendant in the manner and extent authorized by state law in the forum state unless a federal statute establishes an alternative basis for exercising personal jurisdiction. *See* Fed. R. Civ. P. 4(k); *ePlus Tech. v. Aboud*, 313 F.3d 166, 175 (4th Cir. 2002). Thus, in a diversity case, a federal court only has personal jurisdiction over a party if a state court in the federal court's forum state would have personal jurisdiction. *Copiers Typewriters Calculators, Inc v. Toshiba*, 576 F. Supp. 312, 318 (D. Md. 1983). To evaluate whether personal jurisdiction exists in a diversity case, a federal court will engage in a two-part analysis. First, the court will determine whether the long-arm statute authorizes the exercise of jurisdiction in the particular circumstances presented. Second, if the court finds that the long-arm statute permits the court to exercise jurisdiction, it must consider whether such an exercise of jurisdiction comports with the due process standards of the Fourteenth Amendment. *Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993) (citing *English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990)). Courts have interpreted Maryland's long-arm statute as coterminous with the limits of the Due Process Clause of the Fourteenth Amendment. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002); *United States v. Undetermined Quantities of Articles of Drug*, 145 F. Supp. 2d 692, 705 (D. Md. 2001). Therefore, the statutory inquiry merges with the constitutional inquiry and the two questions become one. *Id.*

In considering the question of personal jurisdiction, the Supreme Court has drawn a distinction between "specific" and "general" jurisdiction. *See Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 (1984). Specific jurisdiction exists where a suit "arises out of" a defendant's contacts with the forum state. *Id.* General jurisdiction, which permits a court to subject a non-resident defendant to a suit in the forum wholly unrelated to any contact it has with the forum,

exists only where a foreign defendant's in-state activities amount to "continuous and systematic"

contact with the state.  *Id.* at 414-15.  The level of contact required for the exercise of general

jurisdiction is significantly higher than that required for specific jurisdiction.  *ESAB Group, Inc.*, 126

F.3d at 628.

A.  Specific Jurisdiction

To establish specific jurisdiction, Plaintiff would have to show that her injury arose out of

RCHC-J's contacts with Maryland.  Since the incident and injury which gave rise to this suit

occurred in Jamaica, Plaintiff cannot show that her cause of action arose out of any specific contacts

in Maryland.  Therefore, the Court finds that no specific jurisdiction exists on these facts.[2]

B.  General Jurisdiction

In *Cox v. The Ritz-Carlton Hotel Company of Mexico*, Civil Action No. RDB-05-2556

(November 9, 2006), Judge Bennett of this Court faced a personal jurisdiction issue strikingly

similar to the one now before this Court.  In that case, the plaintiff filed an action in the Eastern

District of New York against the same Defendant RCHC and a subsidiary in Mexico.  The New

York judge dismissed the corporate parent and transferred the remaining action against the

subsidiary to this Court because venue was proper here.  The subsidiary then moved to dismiss the

case for lack of personal jurisdiction.  After limited discovery, Judge Bennett held that the Court did

have personal jurisdiction over the Mexican subsidiary primarily because several executives of the

subsidiary, including the president and Vice president, had offices at the corporate headquarters in

Maryland, corporate documents of the subsidiary were housed in Maryland, and the subsidiary's

---

[2] Plaintiff conceded at oral argument that the thrust of her personal jurisdiction arguments
centers around general jurisdiction.

6

officers conducted business in Maryland on behalf of the subsidiary.[3]  Judge Bennett reasoned that maintaining offices in Maryland and conducting business in Maryland on behalf of the subsidiary by several corporate officers of the subsidiary was sufficiently "continuous and systematic" to grant Maryland courts general jurisdiction over the corporate subsidiary.

At oral argument, counsel for Defendants indicated that at least officer of the parent corporation is also an officer of RCHC-J.  There is no indication as to what the officer does, if anything, in Maryland in his role as president of the subsidiary.  Because discovery of this and other facts would aid the Court in its ruling on the Motion to Dismiss for Lack of Personal Jurisdiction, the Court will grant Plaintiff leave to conduct limited discovery on the jurisdictional issues, and reserve ruling on the motion at this time.

## **CONCLUSION**

For the reasons stated above, the Court will grant RCHC's Motion to Dismiss (Paper No. 20), and reserve ruling on RCHC-J's Motion to Dismiss (Paper No. 21), pending limited discovery. A separate Order will follow.

  June 26, 2007                                                    /s/
         Date                                        Alexander Williams, Jr.
                                                     United States District Judge

---

[3] Although the subsidiary's officers were also officers of the parent corporation, limited discovery in that case revealed that the officers conducted work on behalf of the subsidiary in Maryland.